SUSAN RAFFANTI, ESQ.
State Bar No. 120993
483 Ninth Street, Suite 200
Oakland, CA 94607
(510) 451-2825

Attorney for Defendant
DAMIEN WADE DENDY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br>v.<br>DAMIEN WADE DENDY,<br>      Defendant. | No. CR 07-00365 DLJ<br><br>**SENTENCING MEMORANDUM**<br><br>Date: January 18, 2008<br>Time: 10:00 a.m. |

    Defendant DAMIEN DENDY comes before this court for sentencing upon his plea of guilty to one count of selling counterfeit currency in violation of Title 18 U.S.C. § 473.  Defendant here requests the court to impose a sentence of one year probation with standard conditions and to waive the fine due to his financial situation.

ARGUMENT

    In the written plea agreement which the parties negotiated, an error was made in the application of the Sentencing Guidelines to this case.  Through oversight, the parties did not realize that different base guidelines apply to counterfeit cases in which actual bills have been altered and cases in which counterfeit bills are actually created. In this case Mr. Dendy sold only bills which had been altered and the appropriate guideline is therefore U.S.S.G. § 2B1.1(a), as referenced in the Presentence Investigation Report, rather than U.S.S.G. § 2B5.1(a) as stated in paragraph 7 of the plea agreement. Assistant

United States Attorney Deborah Douglas is in agreement that § 2B1.1(a) is the appropriate guideline. Thus, the base offense level for Mr. Dendy's offense is 7.

However, the probation officer is incorrect in her calculation of the face value of the counterfeit money. In his plea agreement, Mr. Dendy gave a full statement under oath of his involvement in selling counterfeit money, which included sales on two occasions to Sherrie Sampson of a total of $3,000 in counterfeit bills. The probations officer's conclusion that Mr. Dendy sold $6,000 (Presentence Investigation Report paragraph 21) is based on Ms. Sampson's several conflicting statements to law enforcement regarding her activities, many of which statements were later determined to be false. For this reason, the government agreed to the statement of facts set forth in the plea agreement and does not dispute that the face value of the altered bills was $3,000. Therefore, Mr. Dendy's offense level is 7.

When he was first approached by the Secret Service, Mr. Dendy admitted his involvement and provided details of the offense. He has continued to express his remorse both in his probation interview and in the attached letter to the court. Given his acceptance of responsibility for his crime, and his Criminal History Category II, his final offense level is 5 and a sentence of straight probation is comtemplated by the Guidelines.

Mr. Dendy requests that the court impose the minimum sentence of one year of probation with standard conditions. As can be seen from the family history and from his letter to the court, Mr. Dendy comes from a strong and loving family and is acutely embarrassed by his conduct in this case and by the fact that he has let his family down. His characterization of himself as having been an "adult adolescent" shows some important insight, and his full-time permanent employment

for the last one and a half years – beginning after his commission of this offense but well before he was charged in June of 2007 – shows that he has changed course in his life.  Additionally, over the last year and a half he has fought for and gained shared custody of his six year old daughter whom he sees every other weekend and for whom he pays $200 per month child support.  It seems clear that Mr. Dendy has learned his lesson from this prosecution and that the expenditure of court resources beyond the minimum sentence is unnecessary for deterrence or rehabilitation purposes.

As can be seen from the Financial Condition section of the presentence report, even with discounted rent of $500 per month from his parents (who own the house he lives in) and very frugal monthly expenses, Mr. Dendy's net income of $1500 per month still leaves him $200 in the hole every month.  In terms of future improvement in financial status, his GED and strong work history, cited by the probation officer as reasons he can afford to pay a fine, will be more than offset by the disability of a felony conviction.

For the foregoing reasons, Mr. Dendy respectfully requests this court to impose a sentence of one year of probation with standard conditions and to waive imposition of a fine.  This sentence is an appropriate one under Title 18 U.S.C. §3553 in that it is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, to promote respect for the laws, and to provide just punishment.

Date: January 9, 2008                    Respectfully submitted,

                                         /s/ Susan Raffanti
                                         SUSAN RAFFANTI
                                         Attorney for Defendant
                                         DAMIEN WADE DENDY

U.S. v. Damien Dendy; CR 07-00365 DLJ
SENTENCING MEMO