SUSAN RAFFANTI, ESQ.
State Bar No. 120993
483 Ninth Street, Suite 200
Oakland, CA 94607
(510) 451-2825

Attorney for Defendant
DAMIEN WADE DENDY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR 07-00365 DLJ |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **REPLY TO GOVERNMENT'S** |
| v. | ) | **RESPONSE TO SENTENCING** |
| | ) | **MEMORANDUM** |
| DAMIEN WADE DENDY | ) | |
| | ) | Date: January 18, 2008 |
| Defendant. | ) | Time: 10:00 a.m. |

The parties agree that the Sentencing Guidelines which apply to Mr. Dendy's offense are zero to six months. Mr. Dendy has argued in his sentencing memo that a sentence of straight probation is appropriate in his case. This reply responds to the argument in the government's response that "defendant is more culpable than what he admitted to in his plea agreement." (United States' Response, p. 3)

The government bases this argument on statements made by Sherrie Sampson, who was Mr. Dendy's co-defendant in the original indictment. However, Ms Sampson, who has a ten page rap sheet which includes numerous aliases and crimes of dishonesty, provided several statements which the Secret Service agents assigned to the case determined to be inconsistent with the phone record evidence (Sampson 12/20/04 interview referred to at page 05 of government discovery, Exhibit A hereto) and internally inconsistent (Sampson 4/21/05 interview referred to at page 07 of government discovery, Exhibit B hereto.)

Based on these factors, it seemed a safe conclusion that the government's agreement to the amount of the counterfeit bills to which Mr. Dendy truthfully admitted in his plea agreement was a reflection of Ms. Sampson's lack of candor.

Because Mr. Dendy sold and Ms. Sampson purchased the $3,000 worth of altered bills in this case, it is true that Mr. Dendy is more culpable.  That fact is reflected in Ms. Sampson being allowed to plead to the misdemeanor of unlawful use of paper money (18 U.S.C. § 491) rather than the felony of passing counterfeit bills (18 U.S.C. § 472), whereas Mr. Dendy now has a felony on his record.

Given that Damien Dendy has maintained consistent full time employment for the last year and a half and is providing regular support to his daughter, the sentence of imprisonment argued for by the government would be counter-productive.  A sentence of straight probation will satisfy all the requirements of 18 U.S.C. § 3553.

Date: January 16, 2008                    Respectfully submitted,

/s/ Susan Raffanti
SUSAN RAFFANTI
Attorney for Defendant
DAMIEN WADE DENDY

U.S. v. Damien Dendy; CR 07-00365 DLJ
REPLY TO GOVT. RESPONSE TO SENTENCING MEMO

2